J-S48040-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MOHAMED HAMADOU, | : | |
| | : | |
| Appellant | : | No. 1849 EDA 2018 |

Appeal from the Judgment of Sentence Entered February 10, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001782-2015
CP-51-CR-0001783-2015
CP-51-CR-0001784-2015

BEFORE:  BOWES, J., SHOGAN, J. and STRASSBURGER, J.*

JUDGMENT ORDER BY STRASSBURGER, J.:     **FILED SEPTEMBER 24, 2019**

Mohamed Hamadou (Appellant) appeals from the February 10, 2017 judgment of sentence entered following a bench trial.  Upon review, we quash this appeal.

In light of our disposition, a detailed recitation of the underlying facts is unnecessary.  Pertinent to this appeal, Appellant proceeded to a bench trial at docket numbers CP-51-CR-0001782-2015 (Docket 1782), CP-51-CR-0001783-2015 (Docket 1783), and CP-51-CR-0001784-2015 (Docket 1784). The trial court found Appellant guilty as follows: at Docket 1782 to aggravated assault, simple assault, recklessly endangering another person (REAP), and resisting arrest; at Docket 1783 to aggravated assault, simple assault, and REAP; and at Docket 1784 to aggravated assault, simple

_____
* Retired Senior Judge assigned to the Superior Court.

assault, and REAP. On February 10, 2017, Appellant was sentenced to an aggregate term of three to nine years of incarceration followed by six years of probation. Appellant did not file a post-sentence motion or direct appeal.

Appellant timely filed a PCRA petition, seeking reinstatement of his direct appeal rights *nunc pro tunc*. Counsel was appointed and counsel filed an amended petition. On June 11, 2018, the PCRA court granted Appellant's petition. This timely-filed notice of appeal followed.[1]

In this Court, we issued a rule to show cause why the appeal should not be quashed in light of our Supreme Court's holding in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018). Order, 7/30/2018. Appellant filed a response, arguing that "[t]he appeal will not resolve issues arising on more than one trial court docket as contemplated by **Walker**" because "the conviction[s] arose out of one criminal incident involving three officers and [] there should only have been one criminal docket with three counts." Response to Rule to Show Cause, 8/1/2018, at ¶¶ 4-5. On December 20, 2018, this Court referred this issue to the assigned panel. Order, 12/20/2018. Thus, before we reach the issue presented by Appellant on appeal, we must address first the fact that Appellant filed a single notice of appeal from three judgments of sentence entered at three separate docket numbers.

---

[1] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

- 2 -

In **Walker**, our Supreme Court considered whether to quash an appeal where one notice of appeal was filed from orders entered at more than one docket number. The Official Note to Pennsylvania Rule of Appellate Procedure 341(a) provides that "[w]here … one or more orders resolves [*sic*] issues arising on more than one docket … separate notices of appeal must be filed." Pa.R.A.P. 341, Note. In **Walker**, our Supreme Court found that the "Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal." **Id.** at 976-77. Thus, it held that for appeals filed after June 1, 2018, the date **Walker** was filed, "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed." **Id.** at 977. The Court emphasized that the "failure to do so will result in quashal of the appeal." **Id.**

In this case, on June 21, 2018, Appellant filed a single notice of appeal from three judgments of sentence entered at three separate docket numbers. Because Appellant filed his notice of appeal after our Supreme Court's decision in **Walker**, and failed to comply with Rule 341, we are compelled to quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>9/24/19</u>